EVANS, Appellant,

v.

EVANS, Appellee.

[Cite as *Evans v. Evans* (1995), 106 Ohio App.3d 551.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940174.

Decided Sept. 27, 1995.

*Ceil Brannen Evans, pro se.*

*Phyllis G. Bossin Co., L.P.A.,* and *Phyllis G. Bossin,* for appellee.

*Per Curiam.*

This appeal stems from ongoing domestic relations litigation concerning matters of visitation and custody between the appellant wife and the appellee husband as to their minor daughter, Tiffany. The protracted legal battle between the parties is not particularly relevant to the issues raised in this appeal, where appellant challenges, for the first time, the assignment of a particular judge to preside over matters between the parties from 1983 until the present time.

We begin with a review of the pertinent procedural history of this case. The parties' marriage was terminated by a decree of dissolution on October 19, 1981, in which appellant was given custody of the child. Appellee filed a subsequent motion to change custody and other related motions, which were heard by Judge Norbert Nadel, then sitting in the division of domestic relations, along with a motion filed by appellant. Judge Nadel decided the custody motion, but a motion for expenses was still pending when he was appointed to the general division of the court of common pleas. Judge Ronald Panioto was appointed to Judge Nadel's seat and subsequently signed an order, on January 10, 1983, which stated that the case was being permanently assigned to Judge Nadel, in the general division, for all future dispositional rulings.

On April 13, 1983, appellant filed a motion, which was heard by a domestic relations referee. Appellant filed objections to the report and set a hearing before Judge Robert Wood of the domestic relations division. On June 6, 1983, Judge Nadel issued an order transferring the hearing to his docket.

In response to Judge Nadel's order, appellant filed a motion to transfer, specifically requesting that the matter be transferred back to the domestic relations division. Appellant stated in her motion that "there appears to be no statutory justification for a judge of the common pleas bench to hear matters that belong into [*sic*] the division of domestic relations" and that she "would prefer that the case be treated like all other cases in the division of domestic relations." Judge Nadel denied the motion.

No further proceedings are reflected in the record until appellee filed a motion to modify visitation on February 7, 1991, which was set before Judge Panioto. Several other motions, including a motion for psychological examination of appellant and the child and a request for a citation in contempt, were filed with Judge Panioto. On March 1, 1991, appellant filed a motion for reconsideration before Judge Panioto. Appellant filed two affidavits of disqualification of Judge Panioto in the Ohio Supreme Court and did not raise the issue of his assignment to the case. Numerous other motions and appeals were filed by both parties and set before Judge Panioto, including an April 1, 1992 motion objecting to the

report of a referee, in which appellant stated that "no issues in this case shall be heard by anyone other than Judge Panioto." Since that time, appellant has filed a long series of *pro se* motions, all set before Judge Panioto.

On June 29, 1993, appellant filed her motion to vacate orders under Civ.R. 60(B)(5). In her motion, appellant argued for the first time that Judge Panioto "did not have power or authority to rule on any action" involving her case and that, consequently, all of his orders should be held void and vacated. By special assignment from the Ohio Supreme Court, the matter was assigned to Judge Ronald Solove for adjudication.

Following a pretrial hearing, it was determined that there were no factual issues in dispute. Appellant thereafter filed a motion for summary judgment and appellee filed a memorandum in opposition and a cross-motion for summary judgment. Following oral arguments on October 19, 1993, and a review of the complete record, the trial court overruled appellant's motion to vacate. This appeal ensued.

All three of appellant's assignments of error go to the issue of whether Judge Panioto or Judge Nadel had the authority to preside over her case. In her first assignment of error, appellant argues that the trial court's order of assignment to Judge Nadel was not void when the proper procedural steps were taken, and when the 1983 order by Judge Panioto, directing that the Evans case be permanently assigned to Judge Nadel, involved an exercise of judicial discretion and the trial court's inherent power over its own docket and, therefore, cannot be disturbed on appeal. Her second assignment of error asserts that the trial court erred in not granting her motion for summary judgment. Her third assignment argues that the trial court erred as a matter of law in overruling her motion to vacate because the record demonstrates that the general division had jurisdiction over her case. Appellant's arguments lack merit. Because of the overlapping issues raised in them, we will address the assignments of error together.

■ C.P.Sup.R. 3 states that "[t]he administrative judge shall be the presiding officer of the division and shall have full responsibility for and control over the administration, docket, and calendar *of the division which the judge serves.* The administrative judge shall cause cases to be assigned to the judges *within the division * * *.*" (Emphasis added.) Judge Panioto's order, as administrative judge of the domestic relations division, went beyond the scope of his administrative powers in assigning a domestic relations case to a judge outside of that division. Consequently, the order was void and of no effect.

■ Furthermore, in *Berger v. Berger* (1981), 3 Ohio App.3d 125, 3 OBR 141, 443 N.E.2d 1375, the court held that failure of a party to assert on the record an objection to the reassignment of a case at that party's first opportunity to do so

constitutes a waiver of that party's objection to the otherwise voidable transfer and bars that party from complaining at a later time that the judge acting in place of the assigned judge lacked authority to so act. Appellant's long delay in raising the claim that Judge Panioto should not have been the judge assigned to her case constitutes a waiver of any objection she raises now.

In addition, appellant's motion to transfer the case from Judge Nadel back to the domestic relations division and her statement, made in an objection to the report of the referee, that Judge Panioto was the only judge who should be hearing her cases completely undermine her argument here. We agree with Judge Solove that to permit appellant to prevail would frustrate the orderly administration of justice. Her claim herein appears to be another attempt to avoid court orders which she has been unable to reverse on appeal.

Consequently, appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KOEHLER and MILLIGAN, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.

JOHN R. MILLIGAN, Jr., J., retired, of the Fifth Appellate District, sitting by assignment.